51 CCPA
Application of Erwin C. BREKELBAUM and Roy H. Zeilman (deceased) (The Thew Shovel Company Assignee, Substituted).

Patent Appeal No. 7057.

United States Court of Customs and Patent Appeals.

Jan. 23, 1964.

Walter Maky, Oberlin, Maky & Donnelly, Cleveland, Ohio (Almon S. Nelson, Washington, D. C., of counsel), for appellants.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

## WORLEY, Chief Judge.

This appeal is from the action of the Board of Appeals affirming the examiner's rejection of claims 18 and 19, the remaining claims in appellants' application Serial No. 548,512, filed November 22, 1955, for "Tubular Boom."

The application relates to a welded boom structure for cranes and the like. The boom is of rectangular transverse cross section defined at its corners by four longitudinally extending chord members, which are formed of tubing of square cross-section so arranged that flat opposing faces of adjacent members are substantially parallel. Interconnecting the opposing faces of adjacent chord members are lacing members on each of the four sides of the boom. Also diagonal supports may be provided to connect diagonally opposite chord members. The lacing members are longitudinally continuous and extend in zig-zag arrangement from one chord to the other with the bent portions thereof welded in flat contact with the respective pairs of inner faces of the chords.

The appealed claims read:

"18. A unitary welded crane boom structure comprising chords defining the corners of a boom of rectangular transverse cross-section and lacing members rigidly connecting said chords; said chords being formed of square cross-section tubing providing pairs of inner, generally parallel flat faces; said lacing members being continuously formed of tubing of smaller cross-section size than said chords and being alternately crimped on opposite sides and extending in zig-zag fashion with the region of the bends in flat surface contact with the respective pairs of innerfaces of said chords, said alternating crimps facilitating the arrangement of said lacing members in zig-zag fashion; the flat faces of said lacing members being of a width substantially greater than the cross-section width of the tubing from which said lacing members are made, being of substantial length from end to end in a direction lengthwise of said chords, and being in contact with two adjoining inner faces of the same longitudinal portion of each chord; and weld joints bridging the contacting faces of said chords and lacing members at the spaced apart ends of such contacting flat faces of said chords and lacing members to provide substantially solid joints between said chords and lacing members effectively to resist twisting strains of the boom in use; such flat faces of said lacing members contacting extensive areas on the adjoining inner faces of said chords to resist cave-in of the latter under compression loads thereat; said weld joints extending substantially around the periphery of the

flat faces of said lacing members to impart still further rigidity to the boom structure.

"19. The boom structure of claim 18 wherein at least one diagonal tubular member is provided with flattened and squared ends that are welded to the inner corners of two diagonally opposite chords."

The following sketch is set forth in appellants' brief as illustrative of the subject matter of claim 18:

The references relied on below are:

| | | |
|---|---|---|
| Rapp et al. | 1,381,659 | June 14, 1921. |
| Ferguson | 2,129,466 | September 6, 1938. |
| French Addition | 41,009 | June 21, 1932. |

Ferguson also relates to a crane boom described as a latticed box member composed of tubular elements. That boom is of square cross-section and comprises longitudinal chord members at its corners, which members may be tubular and of round cross-section. Ferguson discloses lattice or lacing members which extend between adjacent chord members and are made up of individual tubular members of circular cross-section, and also discloses diagonal struts, tubular and of round cross-section, interconnecting the chords at opposite corners. The patent states that the boom is fabricated by conventional methods of fastening, as by riveting.

Rapp discloses a truss or frame for use in airplanes, the chords of the truss being tubes of square cross-section and the lacing members being tubes of round cross-section. The square tubes consti-

tuting the chords are so oriented that the lacing members are secured to parallel sides of the respective chords.

The French addition patent discloses a tubular lattice for a tower or beam. It shows a welded joint between a longitudinal chord 3 and the lattice cross-piece as follows:

*Fig. 1*

It advises that although round tubes are illustrated, the process is applicable to any shape of tubes.

In agreeing with the examiner that claims 18 and 19 are unpatentable over Ferguson in view of Rapp et al. and the French patent, the board stated:

"The principal difference between the structure set forth in claims 18 and 19 and the structure disclosed in Ferguson relates to the lacing members which in the appealed claims are described as being formed from continuous tubing bent to extend in zig-zag fashion with the portions at the bends being flattened for contact with the surfaces of the chords. The claims also include welds for connecting the parts together. In Ferguson the lacing comprises individual tubular strut members with their flattened ends connected to the chord members by means of gusset plates and rivets. We do not consider this difference in structure to be of patentable import in view of the teachings of the French patent. The French patent discloses a joint between a tubular crosspiece and a post or frame member of a *tower* or *beam*. The tubular crosspiece is shown and described as being bent and flattened, the flattened portion at the bend being further described as complemental to the tubular contour of the post. We are of the opinion that the French patent disclosure is a clear teaching as to render it obvious to one skilled in the art to make the lacing members for each side of the Ferguson boom from a single tubular member alternately bent to a zig-zag form with the flattened portions at the bends welded to the chords in the manner shown in the French patent.

"We find nothing unobvious in the chords being square in cross section, as described in the claims, in view of the posts 1, 2 and 4 shown in Rapp et al. Also, we note that it is stated in the French patent that the posts and crosspieces may be of shapes other than the round shapes shown in the drawing. There is nothing unobvious in locating the joints on adjacent faces of each chord (with the bends of the respective lacings) on the same longitudinal portions of each chord, which location involves, in our opinion, only the exercise of routine engineering skill."

Appellants characterize the rejection as involving "complex combinations of teachings and suggestions of the prior art." They state that the French patent discloses "a joint between a tubular cross piece and a post with the cross piece being bent and flattened and the flattened portion being complemental to the contour of the post and welded thereto." According to appellants there is no disclosure in the French patent of a single tubular member alternately bent to a zig-zag form.

Appellants further point out that Ferguson shows his chords with two projecting fins at right angles to each other

for the purpose of facilitating the joining of the lacing elements through the medium of flattened ends on the elements and a gusset plate and ribbon construction. It seems to be their position that such fins would be expected to be present if the chords were made of square cross-section, and that their use in such construction would tend to cause the flat walls resulting from such shape to cave in.

An affidavit of one Von Mehren is referred to by appellants as indicating that their boom has been adopted by the assignee of the present application as standard equipment on practically all of its cranes. Appellants also urge that their boom is stronger and much lighter than conventional angle chord booms and therefore increases the capacity of the crane. They also assert that the boom sections can more readily be assembled on a welding jig and that a better, less expensive crane boom is thus provided.

We are convinced from consideration of the record and arguments that the subject matter of the appealed claims would be obvious, in view of the prior art, to one of ordinary skill. Considering the drawing of the French addition patent noting it is designated as relating to an arrangement for joining a tubular lattice to posts or frames of a tower or beam, we do not think the board erred in finding that reference to "render it obvious to one skilled in the art to make the lacing members for each side of the Ferguson boom from a single tubular member alternately bent to a zig-zag form with the flattened portions at the bends welded to the chords." We also agree with the board that projecting fins would not be used by one of ordinary skill in the art in modifying Ferguson in accordance with the prior art teachings relied upon. It seems to us it would be obvious to omit projecting fins for making riveted engagement of lacing elements to the chords where the lacing is to be attached by welding directly to the chords as suggested by the French addition patent instead of by rivets.

The Von Mehren affidavit compares the weights of certain "angle chord" boom structures of 20 and 25 ton capacity with booms of 25 and 30 ton capacity, described as built "in accordance with the claims in" the present application and "in accordance with the" application. The "angle chord" boom structures, which are considerably heavier than the others, are said to have been built "generally according to the boom structures disclosed in Ferguson, Lgungkull, Nickles, Hahn et al., and the British Patent, 241,019."[1] We find nothing in that affidavit to persuade us that the board erred. Accordingly, the decision is affirmed.

Affirmed.

MARTIN, J., sat but did not participate in the decision.

---

1. The cited patents, other than Ferguson, are not in the record before us.